GMP:BGK
F.#2012R00051

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

SAMEH JACOB,

              Defendant.

- - - - - - - - - - - - - - - - - -X

I N F O R M A T I O N

Cr. No. ___*13-CR-451(KAm)*___
(T. 18, U.S.C., §§ 3551 et
seq.; T. 21, U.S.C.,
§ 853(p); T. 31, U.S.C.,
§§ 5317(c)(1), 5324(a)(3)
and 5324(d)(2))

THE UNITED STATES ATTORNEY CHARGES:

## INTRODUCTION

    At all times relevant to this Information, the currency reporting requirements provided as follows:

### Structuring And Currency Reporting Requirements

    1.    Transactions in currency were defined as transactions involving the physical transfer of money, as defined in Title 31, Code of Federal Regulations, Section 1010.100(bbb).

    2.    Domestic financial institutions were required to file a Currency Transaction Report (FinCEN Form 104, hereinafter referred to as a "CTR") with the Internal Revenue Service ("IRS") for each transaction in currency, such as a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to such financial institution, in excess of $10,000, as required by Title 31, United States Code, Section 5313 and Title 31, Code of Federal Regulations, Section 1010.311.

3. CTRs were filed with the IRS on forms which required, among other things, the identity of the individual who conducted the transaction (Part One of the CTR) and the individual or organization for whom the transaction was completed (Part Two of the CTR).

4. CTRs were required to be filed to assist the United States in criminal, tax and regulatory investigations and proceedings, as stated in Title 31, United States Code, Section 5311.

5. "Structuring" a financial transaction meant the breaking down of a sum of currency exceeding $10,000 into smaller amounts of $10,000 or less prior to transacting business with a domestic financial institution in an attempt to evade currency reporting requirements, as defined in Title 31, Code of Federal Regulations, Section 1010.100(xx).

6. Capital One Bank, JP Morgan Chase Bank, Citibank, M&T Bank, Sovereign Bank and TD Bank were domestic financial institutions, as defined in Title 31, United States Code, Section 5312.

## STRUCTURING

7. The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

2

8.    On or about and between March 3, 2011 and January 27, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SAMEH JACOB, for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations prescribed thereunder, did knowingly and intentionally structure and assist in structuring one or more transactions with one or more domestic financial institutions, to wit: Capital One Bank, JP Morgan Chase Bank, Citibank, M&T Bank, Sovereign Bank and TD Bank by (a) breaking amounts of currency in excess of $10,000 into amounts of less than $10,000, and (b) depositing the smaller amounts of currency into accounts with one or more domestic financial institutions, as part of a pattern of illegal activity involving more than $100,000 in a twelve-month period.

(Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2); Title 18, United States Code, Sections 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

9.    The United States hereby gives notice to the defendant that, upon conviction of the offense charged in this Information, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense and any

property traceable to such property, including but not limited to, a sum of money equal to at least approximately $2,000,000 in United States currency.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 31, United States Code, Section 5317(c)(1); Title 21, United States Code, Section 853(p))

4

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136